KING *vs.* THE MORRIS AND ESSEX RAILROAD COMPANY.

1. The grant of a franchise to operate a railroad, does not confer the right to use upon it locomotives so constructed as to throw out burning coals that may set fire to buildings along the line. But the road must be operated with engines so constructed as to cause the least danger.

2. That a building was erected after a railroad was laid out and constructed, is no impediment to relief against any nuisance arising from operating the road. The owner of a lot does not lose the right of using it for any lawful purpose, by reason of any erection on adjoining property, or any use to which the same was put while the lot was vacant.

3. Where a nuisance is an injury to the property of an individual, a suit to restrain it may be brought in his name, although many others are injured in the same way by it; and it is not necessary to proceed in the name of the Attorney General. The proceeding must be in the name of

the Attorney General, only in case of a public nuisance, which is a nuisance that interferes with the enjoyment of a public or common right.

4. When a defendant, who has been doing what amounts to a nuisance, disclaims the intention to continue it, and is proceeding with diligence to remove and abate it, the court will, if satisfied that the cause of complaint will be removed as speedily as practicable, refuse an injunction.

An order had been granted that the defendants show cause why an injunction should not issue against them, to restrain them from running on their railroad, any coal-burning engine not provided with such apparatus as would effectually prevent the communication of fire from it to the buildings of complainant, near the line of their road.

The case was argued upon the bill, answer, affidavits annexed, and depositions taken.

*Mr. J. Whitehead* and *Mr. McCarter,* for motion.

*Mr. Vanatta* and *Mr. C. Parker,* contra.

THE CHANCELLOR.

It satisfactorily appears in the case that, since the defendants placed upon their road in November last, sixteen new coal-burning engines, fires have occurred very frequently along the line of their road, and especially near the sash and blind factory of the complainant, in the city of Newark; and that boxes loaded on a wagon, in the rear of his factory, were set on fire a few days before the bill was filed, in such manner that the inference is almost unavoidable, that the fire was caused by live coals blown from a locomotive of the defendants, over the complainant's buildings into the yard behind them. It is evident that since the use of coal-burning locomotives, fires have been much more frequent along the line of the road than before, when wood-burners only were used. The increase of fires has caused alarm along the line of the road, and insurance companies refuse to take risks along the road at the usual rates, and some refuse altogether.

The case is a proper one for the interference of this court by injunction. The defendants must be restrained from running any coal engines on their road, if the consequences are necessarily such as are shown by the proof in this case. The position taken by their counsel, that the privilege of running locomotives upon their road having been granted by the legislature, the residents and the owners of property in the vicinity must suffer the consequences without relief, is not tenable. The legislature never intended to grant, and never did grant to them, the right to scatter fire and desolation along their line to the width over which an engine could be contrived or constructed to throw burning coals. Their right to use locomotives was granted only on the condition imposed by law upon the use of all privileges and property, that is, that they shall be so used as to do no unnecessary damage to others. If coal-burners cannot be used without such increase of danger as is shown in this case, it will be the duty of the company to abandon them and return to wood-burners.

Nor is the right of the complainant to relief, affected by the fact that the railroad was laid out and constructed before he erected his factory. No one has the right to erect near the land of another, any nuisance which will prevent the use of such land for any lawful purpose; else the construction of a railroad might destroy utterly the value of all adjoining lots in a city, or its suburbs, where the whole value of the lots is for building purposes.

Nor is it necessary that the injunction or relief in this case should be applied for in the name of the state, or the Attorney General. This is not a public nuisance, although it may injure a great many persons. The injury is to the individual property of each. The nuisance is public when it affects the rights enjoyed by citizens as part of the public; as the right of navigating a river, or traveling on a public highway; rights to which every citizen is entitled.

But before an injunction will be issued, the court must be satisfied that not only has injury been done in the past, but

that the defendants intend to continue it ; and from the charges in the bill and affidavits, it seemed as if these defendants had determined to go on regardless of consequences But the answer and proofs satisfactorily show that there never was any intentional or wanton disregard of the rights of the complainant, or other persons along the line of the road, by the company or its principal executive or ministerial officers. Their coal-burners were constructed by the best makers, and on plans that on many other roads had been a sufficient guard against fires ; and since they discovered that fires were caused by them, they have assiduously endeavored to contrive such appliances as will effectually prevent any extraordinary danger. There were some of their sixteen locomotives as originally constructed, those with the bonnet screen above the smoke-pipe, from which large pieces of ignited coal could by possibility be thrown by a strong application of the draft from the exhaust pipe. These engines may generally, and on most roads, be safe ; but when used on heavy trains, or steep grades, that require the whole power of the engine, the driver will naturally use the power placed at his disposal to overcome the difficulty, and put on the full draft, which would blow out the burning coals. The new apparatus which the defendants have placed upon nearly all their smoke-pipes, and which they intend in a few days to place upon all, will, in my opinion, obviate all the evils complained of. It may, however, still be possible that such sparks may escape as will cause fire, and the injunction asked for would be violated ; it should not, therefore, be granted in that form. And, on the whole, I am of opinion that, under the circumstances of this case, no injunction, however guarded, should issue. But as there was reason for the action of the complainant at the time of filing his bill, as the defendants were then running engines that seem to have been dangerous, and as the injunction is refused on account of the action of the defendants, chiefly since the filing of the bill, and of which it does not appear that the complainant was apprised, the costs on both sides must be paid

by the defendants. On these conditions, let the complainant's bill be dismissed, without prejudice to his filing a new bill founded on past occurrences, if it appears that the cause of complaint shall not be remedied by the action of the defendants.